596 P.2d 45

Sallyann CALDWELL, Plaintiff-Appellee,

v.

DEPARTMENT OF REVENUE, Pima County, Pima County Assessor and Pima County Treasurer, Defendants-Appellants.

No. 2 CA–CIV 3050.

Court of Appeals of Arizona, Division 2.

April 3, 1979.

Rehearing Denied May 9, 1979.

Review Denied May 30, 1979.

**520**

Waterfall, Economidis, Caldwell & Hanshaw, P. C. by Steven M. Cox, Tucson, for plaintiff-appellee.

Robert K. Corbin, Atty. Gen. by Barbara E. Fisher, Asst. Atty. Gen., Tucson, for defendant-appellant Dept. of Revenue.

Stephen D. Neely, Pima County Atty. by Peter E. Pearman, Deputy County Atty., Tucson, for defendants-appellants Pima County, Pima County Assessor, and Pima County Treasurer.

## OPINION

RICHMOND, Chief Judge.

The state Department of Revenue and Pima County have appealed from a judgment reducing from $21,025 to $13,139 the assessed valuation for the tax year 1977 of appellee's 50–x–145–foot lot on Speedway near Park Avenue in Tucson. Appellants contend (1) the case should have been dismissed at the close of appellee's evidence because she failed to show that the taxing authorities' valuation was excessive, and (2) the trial court's finding that the market data approach to property valuation was inapplicable to appellee's lot is clearly erroneous. We agree in each instance and reverse.

Appellee's only witness was an appraiser. He had valued the lot at $6,400 in a probate appraisal, and testified that its value was unchanged as of the assessment date, January 1, 1977. He had used the income approach, rejecting the market data approach as inapplicable because the lot was subject to a long-term lease. A mere difference of opinion as to the method to be used in computing valuation does not justify judicial intervention in the area of taxation. *Pima County v. Cypress-Pima Mining Co.*, 119 Ariz. 111, 579 P.2d 1081 (1978).

"Full cash value" for property tax purposes is synonymous with market value, which in turn is defined as "that estimate of value that is derived annually by the use of standard appraisal methods and techniques." A.R.S. § 42–201(4). The market data approach is an acceptable method of appraisal under the statute. *Mohave County v. Duval Corporation*, 119 Ariz. 105, 579 P.2d 1075 (1978).

Income is one factor affecting market value but not the controlling element. *County of Yuma v. Tongeland*, 15 Ariz.App. 237, 488 P.2d 51 (1971). The fact that an unfavorable lease may make the property less desirable to prospective buyers does not affect its full cash value for tax valuation. *See, e. g., Swan Lake Moulding Co. v. Department of Revenue*, 257 Or. 622, 478 P.2d 393, 480 P.2d 713 (1970). It is the value of the real property itself that is to be determined and the voluntary alienation of a leasehold interest does not destroy the comparability of the sale of other properties not similarly encumbered. The combined value of both the lessor's and lessee's interests under a long-term lease is subject to taxation. Any inequitable apportionment of the tax burden between the parties to the lease cannot be attributed to the taxing statute.

Inasmuch as the rejection of the market data approach by appellee's appraiser was based on a false premise, the evidence was insufficient to overcome the presumption under A.R.S. § 42–152(B) that the valuation of the assessing authority was correct and lawful.

Likewise, the trial court's finding that the market data approach was an arbitrary method of valuation "because the particular piece of property in question is not comparable to the sales of other properties in the area because of many different characteristics" is clearly erroneous. The long-term lease is the only characteristic that conceivably could have precluded comparison of appellee's property with the subjects of the various sales described by appellants' appraiser.

The judgment is reversed with directions to enter judgment affirming the Pima County Assessor's valuation and denying appellee the relief requested in her complaint.

HOWARD and HATHAWAY, JJ., concur.